**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| RAINIER DSC 1, LLC; RAINIER DSC 2, LLC; RAINIER DSC 3, LLC; RAINIER DSC 4, LLC; RAINIER DSC 5, LLC; RAINIER DSC 6, LLC; RAINIER DSC 7, LLC; RAINIER DSC 8, LLC; RAINIER DSC 9, LLC; RAINIER DSC 11, LLC; RAINIER DSC 13, LLC; RAINIER DSC 14, LLC; RAINIER DSC 15, LLC; RAINIER DSC 16, LLC; AND RAINIER DSC 18, LLC, | § | |
| Plaintiffs, | § | |
| v. | § | |
| RAINIER CAPITAL MANAGEMENT, LP; RAINIER DSC ACQUISITION, LLC; RAINIER PROPERTIES, LP; RAINIER PROPERTIES G.P., LLC; FOUNDATION SURGERY AFFILIATE (also known as John Doe); FOUNDATION SURGERY AFFILIATE OF SOUTHWEST HOUSTON, LLP; FOUNDATION SURGERY AFFILIATE OF SOUTHWEST HOUSTON, LLC; WAYNE ALANI, MD; EDDIE MATSU, MD; CHARLOTTE ALEXANDER, MD; THOMAS PARR, MD; CARL HICKS, MD; VINCENT PHAN, MD; GREGORY HOOVER, MD; TIMOTHY SITTER, MD; LIN JONES, MD; EDWIN TAEGEL, MD; STAN JONES, MD; RAY VALDEZ, MD; EUGENE LOU, MD; JAMES ALBRIGHT, MD; MARVIN LERNER, MD; EUGENE ALFORD, MD; JAMES MARTIN, MD; PAUL BRINDLEY, MD; J. CARY MOOREHEAD, MD; GARY CARD, MD; BRADFORD PATT, MD; NEWTON DUNCAN, MD; STANFORD SHOSS, MD; JOSEPH EDMONDS, MD; JOHN YOO, MD; JOHN JONES, MD; MARVIN CHANG, MD; JAMES LAI, MD; & ROBERT SICKLER, MD, | § | CIVIL ACTION NO. 4:12-cv-1806 |
| Defendants. | § | |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants Rainier Capital Management, LP;[1] Rainier DSC Acquisition, LLC, Rainier Properties, LP, Rainier Properties G.P., LLC,[2] Bradford Patt, MD; Stanford Shoss, MD; James Martin, MD; John Yoo, MD; Eugene Alford, MD; Marvin Lerner, MD; Newton Duncan, MD; Paul Brindley, MD; Lin Jones, MD; and Gary Card, MD; Wayne Alani, MD; Eugene Lou, MD; Stan Jones, MD; James Albright, MD; Joseph Edmonds, MD; Marvin Chang, MD; Robert Sickler, MD; James Lai, MD; and J. Cary Moorhead, MD, with the consent and agreement of all Defendants who have been properly served in this matter, give notice of their removal of this action and hereby remove this action to the United States District Court of the Southern District of Texas, Houston Division.[3] The grounds for removal are as follows:

**SUMMARY AND ALLEGATIONS IN THE PLEADINGS**

1. Plaintiffs filed this case, *Rainier DSC 1, LLC et al. v. Rainier Capital Management, L.P., et al.*; Cause No. 2012-26158 in the 113th Judicial District Court of Harris County, Texas, on or about May 4, 2012. As explained, below, The United States District Courts have jurisdiction over this cause because Plaintiffs' securities fraud claims arise under laws of the United States and so confer federal question jurisdiction on this Court. 28 U.S.C. § 1331. The Court has

[1] Rainier Capital Management, L.P. is the proper name for the entity listed in the above-captioned lawsuit. Rainier Capital Management, L.P. was improperly served through Corporation Service Company, which is not the registered agent for this entity, and in the name of "Rainier Capital Manager, LLC."
[2] Rainier Properties G.P., LLC is improperly named in the case style of the above-captioned lawsuit. The proper name for this entity is Rainier Property Management G.P., LLC., the entity referenced in paragraph 26 of Plaintiffs' Original Petition. This entity has not yet been served.
[3] Movants expressly reserve their right to seek to compel arbitration of any or all of Plaintiffs' claims, as appropriate. More specifically, the Rainier Defendants, as defined herein, join in this Notice of Removal subject to, and without waiving, their right to seek to compel arbitration of some or all of Plaintiff's claims in this litigation.

pendent jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367 because all claims arise from the same nucleus of operative facts.

2. On or about May 4, 2012, Plaintiffs sued Rainier Capital Management, LLC, Rainier DSC Acquisition, LLC Rainier Properties, LP, and Rainier Property Management GP, LLC (collectively "Rainier Defendants")[4] and Defendants (including the Foundation Defendants, as well as the 29 individual doctor Defendants) in connection with an alleged sale of Tenant in Common ("TIC") interests in a medical establishment located at 8111 Southwest Freeway, Houston, Texas 77074 (the "Property"). The crux of Plaintiffs' complaint is that certain Rainier Defendants and Defendants misrepresented and/or omitted the nature of a lease on the Property to induce Plaintiffs into acquiring their TIC interests.

3. Plaintiffs generally allege violations of Federal securities law against certain Rainier Defendants and the other Defendants based on alleged "material misstatements and omissions of material fact in connection with an offering of securities." [Petition ¶¶ 153-157]. The basis for Plaintiffs' securities fraud claim is not entirely clear, but includes allegations that certain Rainier Defendants: 1) misrepresented the viability and identity of the tenants and original seller of the Property; 2) failed to enforce a non-compete and lease agreement with the physician defendants; and 3) misrepresented the relationship between various parties interested in the transaction. [Petition ¶ 155]. Each of these claims is predicated on alleged misrepresentations and/or omissions in the Confidential Private Placement Memorandum issued to Plaintiffs.

4. Although Plaintiffs make a vague and misleading reference to Rule 506, Regulation D, of the Securities Act of 1933 (the "1933 Act") as forming a basis for relief in their petition, Rule 506 does not include any remedial provisions providing a civil cause of action and does not

[4] These entities are, of course, all distinct. However, they are referred to jointly for the purpose of this pleading to simply the factual allegations.

provide any basis for either a private cause of action and/or any of the relief sought by Plaintiffs in this lawsuit. [Petition ¶ 154]. Rather, Rule 506 merely creates a safe-harbor for when a security need not be registered. As set forth, *infra*, the prohibitions of the 1933 Act do not apply to private placement memoranda. Rather, Plaintiffs' substantive claims, and each of its bases for recovery with respect to Federal securities law, fall squarely, and are actionable only, pursuant to the 1934 Act.

5. Rather than give proper notice of the actual bases for their claims, however, Plaintiffs assert a shotgun claim for relief under the "Federal Securities Act" based on allegations of material misrepresentations, in addition to the vague, inaccurate, and irrelevant reference to the 1933 Act in paragraph 155 of their petition. [Petition ¶¶ 154-155].

6. Plaintiffs' muddled allegations constitute attempted notice of claims under Section 10(b) of the 1934 Act. *See* 15 U.S.C. § 78j; 17 C.F.R. § 240.10b–5 (2007). In particular, Section 10(b) of the 1934 Act provides a private right of action against "any person" who:

> use[s] or employ[s], in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered…any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C. § 78j. Tracking the prohibitions of Section 10(b), Plaintiffs allege that "***Defendants made material misstatements and omissions of material facts in connection with an offering of securities***," and that "***[s]uch fraudulent statements were made with scienter***." [Petition ¶ 154]. This is, indisputably, an attempted claim for relief under Section 10(b) of the 1934 Act. *See* 15 U.S.C. § 78j; 17 C.F.R. § 240.10b-5 ("It shall be unlawful for any person . . . . [t]o make any untrue statement of material fact or to omit a material fact."); *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 196-206 (1976) (holding that it is "well established" that Section 10(b) of the 1934 Act

creates a private right of action for knowing or intentional misrepresentations related to the sale of securities).

7. Thus, Plaintiffs have alleged, on the face of their pleading, a claim that can only arise under Section 10(b) of the 1934 Act, and over which this Court has original and exclusive federal question jurisdiction. *See* 15 U.S.C. § 78j; *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 8 (1983) (holding that an action "arises under" federal law if, in order for plaintiff to recover the relief sought, he must prove a proposition of federal law). Consequently, this case must be removed to the United States District Courts for the Southern District of Texas.

**PROCEDURAL REQUIREMENTS FOR REMOVAL**

8. Plaintiffs' Original Petition was filed on May 4, 2012. Defendants were not served with the Petition until at least May 18, 2012, at the earliest. Therefore, this Notice of Removal is timely filed, under 28 U.S.C. § 1446(b), within thirty days of receipt of the initial pleading setting forth a claim for relief. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S.Ct. 1322, 1328-29 (1999).

9. The state court has not signed any orders in this case.

10. Pursuant to Local Rule 81 and 28 U.S.C. § 1446(a), Defendants have attached the following documents:

(1) an index of matters being filed;

(2) all pleadings asserting cause of action, along with all other documents included in the State Court file, attached as Exhibit A;

(3) a list of all counsel of record, including addresses, telephone numbers, and parties represented, attached as Exhibit B;

(4) Defendants' consents for removal, attached as Exhibit C;

(5) State Court docket sheet, attached as Exhibit D.

11. No executed processes have been filed with the Harris County District Clerk, and no docket control order has been issued as of the date of this filing.

12. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as this is the district where the state action is pending.

13. The removing party will promptly give Plaintiffs written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). The removing party will also promptly file a copy of this Notice of Removal with the Clerk of the 113th Judicial District Court of Harris County, Texas, where the action is currently pending, also pursuant to § 1446(d).

14. All Defendants who have been properly served in the state court action consent to and agree with the removal of this matter. *See* Defendants' Consent to Removal, attached as Exhibit C.

**BASIS FOR REMOVAL**

15. 28 U.S.C. § 1331 provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case arises under federal law if federal law creates the cause of action. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006). The presence of a federal question is governed by the well pleaded complaint rule, which provides that the courts are to ascertain whether federal question jurisdiction exists based on the face of the complaint. *See Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998). When a District Court has original jurisdiction over claims arising out of the laws of the United States, it also has pendent jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a),(b).

16. In this case, Plaintiffs have stated a claim that can only arise out of the 1934 Act, and their reference to the 1933 Act is nothing more than an attempt to defeat this Court's jurisdiction. *See, e.g.*, *Ashley v. Southwestern Bell Telephone*, 410 F.Supp. 1389, 1392 (W.D. Tex. 1976) ("Neither artful or inartful pleading, nor inadvertence, mistake, or fraud can keep the Federal Courts from their appointed task of reaching the real nature of the claim asserted in plaintiff's complaint and uncovering any lurking federal question."). Section 12(a)(2) of the 1933 Act "imposes liability on any person who offers or sells securities by means of a prospectus containing material misstatements." *See* 15 U.S.C. § 77l(a)(2). The term "prospectus" is a term of art which the Supreme Court has held entails only a "public offering" of a security—not a private sale. *See Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 584 (1995) ("T]he term 'prospectus' relates to public offerings by issuers and their controlling shareholders . . . ."); *Yung v. Lee*, 432 F.3d 142, 146, 148 (2d Cir. 2005) ("We hold that Section 12(a)(2) of the [1933] Securities Act does not apply to private transactions because such transactions are not subject to the prospectus delivery requirements of the Act . . . . ").

17. The Private Placement Memorandum that is the subject of this litigation is, by its very nature, "Confidential," "Private," disseminated only to specific offerees, and consequently not "public." [*See* Exhibit. A to Plaintiffs' Petition, at Bates No. 3 ¶5]. In *Yung v. Lee*, the plaintiffs sued under the 1933 Act alleging, in part, negligence in connection with the their acquisition of securities purchased "pursuant to a series of private subscription and letter agreements." 432 F.3d at 145. Citing *Gustafson*, the court concluded "that a Section 12(a)(2) claim cannot be maintained by a private purchaser of securities" because their private sales contract did not qualify as a "prospectus" under *Gustafson*. *Id.* at 147-48.

18. The holdings in *Gustafson* and *Yung* make clear that Plaintiffs cannot assert fraud under the 1933 Act because it and Rule 506 are inapplicable to the facts. Rather, if the petition is construed favorably to Plaintiffs so as to actually state a claim, it is clear that Plaintiffs seek relief under the 1934 Act.

19. The 1934 Act's jurisdictional statute makes abundantly clear that, "[t]he district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder." *See* 15 U.S.C. § 78aa; *McCarter v. Mitcham*, 883 F.2d 196, 201 (3d Cir. 1989) ("[T]he Securities Exchange Act expressly provides for exclusive federal jurisdiction . . . ."). Consequently, this Court has original jurisdiction over Plaintiffs' federal securities fraud claims. *See* 28 U.S.C. § 1331.

20. Plaintiffs have also alleged various state law causes of action, including: breach of fiduciary against certain Rainier Defendants, [Petition ¶ 104]; breach of contract against certain Rainier Defendants and certain other Defendants, [Petition ¶¶ 109, 114]; estoppel against certain Rainier Defendants and certain other Defendants [Petition ¶¶ 123-130]; negligence against certain Rainier Defendants, [Petition ¶ 136]; fraud against certain Rainier Defendants, [Petition ¶ 144]; violations of the Texas Securities Act against certain Rainier Defendants, [Petition ¶ 158]; and DTPA violations against certain Rainier Defendants [Petition ¶ 163].

21. All of these state claims arise from the same "nucleus of operative fact"— the transaction or series of transactions involving the acquisition of the TIC interests at issue—and therefore "form part of the same case or controversy." 28 U.S.C. § 1367(a); *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966); *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir. 1981). The Court therefore has jurisdiction to hear them. *See* 28 U.S.C. § 1367.

22. This Court should exercise supplemental jurisdiction over all of Plaintiffs' claims, because they are so related to the federal securities claims that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). More particularly, Section 1367(c) provides that a trial court has discretion not to exercise pendent jurisdiction once it is found, however, "it is unusual for a court to decline to exercise that power where it exists." *Jackson*, 635 F.2d at 472. As noted by the Supreme Court, "Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'"). Further, it is well-established that federal district courts have supplemental jurisdiction over state law claims that share a "'common nucleus of operative fact'" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1977)). This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *Id.* at 806.

23. Each of Plaintiffs' claims against the Rainier Defendants and all of the other Defendants arise from a single transaction, and a single common nucleus of operative fact—the marketing and sale of the subject property by certain Rainier Defendants to Plaintiffs. Accordingly, supplemental jurisdiction exists over the all of Plaintiffs' claims, pursuant to 28 U.S.C. § 1367(a). See *Villarreal v. JP Morgan Chase Bank, N.A., et. al.*, 720 F. Supp. 2d 806, 808 (S.D.

Tex. 2010). Therefore, removal of the entire state court action to this Court is appropriate. See *Jamal*, 97 F. Supp. 2d at 806.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this case be removed to the United States District Courts for the Southern District of Texas, and for all other relief to which they may be entitled.

Respectfully submitted,

FRIDGE & RESENDEZ, LLC

/s/ Charles L. Fridge III .
Charles L. Fridge III
Texas State Bar No. 24004286
Southern District Bar No. 32856
3000 Smith Street,
Houston, Texas 77006
(713) 226-9100 telephone
(713) 226-9800 facsimile

*Attorney in Charge for Defendants Wayne Alani, MD Eugene Lou, MD, Stan Jones, MD, James Albright MD, Joseph Edmonds, MD, Marvin Chang, MD, Robert Sickler, MD, James Lai, MD and Cary Moorhead, MD*

OF COUNSEL:

FRIDGE & RESENDEZ, LLC
Aaron Ries
State Bar No. 24070499
Southern District Bar No. 1138554
James Caruthers
State Bar No. State Bar No. 24065013
Southern District Bar No. 1094915
3000 Smith Street, Suite 1
Houston, Texas 77006
(713) 226-9100 telephone
(713) 226-9800 facsimile

Respectfully submitted,

LOCKE LORD LLP

/s/ Janet E. Militello
Janet E. Militello
Attorney–in–Charge
Texas State Bar No. 14051200
2800 Chase Tower
600 Travis
Houston, Texas 77002
(713) 226–1200 (telephone)
(713) 223–3717 (facsimile)

***Attorney-in-Charge for Defendants Bradford Patt, M.D., Stanford Shoss, M.D., James Martin, M.D., John Yoo, M.D., Eugene Alford, M.D., Marvin Lerner, M.D., Newton Duncan, M.D., Paul Brindley, M.D., Lin Jones, M.D., and Gary Card, M.D***

OF COUNSEL:
Brandon Renken
Texas State Bar No. 24056197
LOCKE LORD LLP
2800 Chase Tower
600 Travis
Houston, Texas 77002
(713) 226–1200 (telephone)
(713) 223–3717 (facsimile)

Respectfully submitted,

CROUCH & RAMEY, LLP

/s/ Cole B. Ramey .

Cole B. Ramey
State Bar No. 16494980
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 922-7100
Telecopier: (214) 922-7101

**ATTORNEY FOR DEFENDANTS RAINIER CAPITAL MANAGEMENT, LP; RAINIER DSC ACQUISITION, LLC; RAINIER PROPERTIES, L.P.; AND RAINIER PROPERTY MANAGEMENT G.P., LLC**

**Certificate of Service**

I certify that on this 15th day of June, 2012 a true and correct copy of the foregoing was served on all counsel of record via certified mail return receipt requested, email, fax, and/or electronic service.

/s/Brandon Renken .

Brandon Renken